# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **TANGLEWOOD MEDICAL CENTER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | **Smith County Circuit Court** |
| | ) | **Case No. Case No. 2014-cv-6** |
| **SENTINEL INSURANCE COMPANY LTD.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company LTD. ("Defendant") hereby files this Notice of Removal of this action from the Circuit Court for Smith County, Tennessee to the United States District Court for the Middle District of Tennessee, at Nashville, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Defendant shows:

1. On January 29, 2014, an action was commenced against Defendant in the Circuit Court for Smith County, Tennessee, File No. 2014-cv-6, entitled *Tanglewood Medical Center, Inc., v. Sentinel Insurance Company LTD.* (the "State Court Action").

2. A copy of the Summons, Complaint and Return of Summons, which comprise a copy of all processes, pleadings and orders in Defendant's possession, are attached hereto as Exhibit 1. No answer or motion has been filed in response to the Complaint, and there have been no proceedings in the State Court Action.

3. Defendant was served with a copy of the Summons and Complaint filed in the State Court Action by certified mail on March 21, 2014, and this Notice of Removal is filed

within thirty (30) days after service and receipt of a copy of the initial pleading. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).[1]

4.     Plaintiff Tanglewood Medical Center avers that it "is a citizen and resident of the State of Tennessee." (*See* Compl. ¶ 1.)

5.     Defendant is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and place of business in the State of Connecticut. (*See* Compl. ¶ 3.)

6.     This case is a civil action that is subject to removal pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendant is a citizen of the State of Connecticut, and Plaintiff is a citizen of the State of Tennessee. Therefore, the parties are citizens of different states, Defendant is not a citizen of the State of Tennessee, and complete diversity exists.

7.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because Plaintiff seeks in this action to recover $750,000.00 in compensatory damages and $200,000 in attorneys' fees. (*See* Compl. at Exhibit B.) *See Wallace v. Ocwen Loan Servicing, LLC*, No. 3-11-00810, 2011 U.S. Dist. LEXIS 121503, at *4 (M.D. Tenn. Oct. 16, 2011) (holding that compensatory damages claimed by Plaintiff are included "'[i]n calculating the amount in controversy'" (quoting *Farrington v. Cox*, No. 3:07-CV-220, 2007 U.S. Dist. LEXIS 53755, at *4 (E.D. Tenn. July 23, 2007)).

---

[1]     Substitute service was made through the Tennessee Department of Commerce and Insurance, the statutory agent applicable to insurers doing business in Tennessee. *See* Tenn. Code Ann. §§ 56-2-504, -506. "The time for removal under such statutes is computed from the date the defendant, or an agent appointed by him, actually receives the process, as opposed to the date a statutory agent of the defendant receives the summons." *Farris v. Youngblood*, 248 F. Supp. 598, 599 (E.D. Tenn. 1965); *see also* 14C Charles Alan Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3731 & n.23 ("it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service."); *White v. Lively* 304 F. Supp. 2d 829, 831 (W.D. Va. 2004) ("service on a statutory agent such as the Commissioner does not start the running of the thirty-day removal period.").

8.     Venue is appropriate in the Middle District of Tennessee, at Nashville, because the Circuit Court for Smith County is located within this judicial district and division. 28 U.S.C. § 1441(a). (See Compl. ¶ 8 (alleging that "[a]ll of the facts giving rise to this cause of action occurred in Smith County, Tennessee.").

9.     Promptly after the filing of this Notice of Removal in the United States District Court for the Middle District of Tennessee, Defendant will give notice of the filing of this Notice of Removal to the Circuit Court for Smith County and to Plaintiff through his attorney in compliance with 28 U.S.C. § 1446(d). (The notices to be submitted promptly to the Circuit Court and Plaintiff's counsel have been attached hereto as <u>Exhibit 2</u>).

WHEREFORE, Defendant hereby removes and gives notice of removal of this action from the Circuit Court for Smith County to the United States District Court for the Middle District of Tennessee.

This the 15th day of April 2014.

_____
Jeffrey P. Yarbro
H. Lee Barfield
BASS, BERRY & SIMS PLC
150 3rd Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-7793
jyarbro@bassberry.com

*Attorneys for Defendant Sentinel Insurance Co.*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **NOTICE OF REMOVAL** has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All others below will also be served by depositing a copy thereof in the United States mail, first-class, postage prepaid:

Jonathan Street
The Higgins Firm
116 Third Avenue South
Nashville, TN 37201

Bryan Beverly
The Voss Law Center
26619 Interstate 45 South
The Woodlands, TX 77380

This the 15th day of April, 2014.

_____

13007326.2

4