Tanglewood Medical Center, Inc.   Vs.   Sentinel Insurance Company, LTD

Served On:
Attn: Service of Process
Commissioner of Tennessee Dept. of Commerce & Insurance, 500 James Robertson Pkwy, Nashville, TN 37243

You are hereby summoned to defend a civil action filed against you in _Circuit_ Court, _Smith_ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _3/10/14_                                   _Elisa Henley_
                                                     Clerk / Deputy Clerk

Attorney for Plaintiff: _Jonathan A. Street, The Higgins Firm_
_116 3rd Ave South, Nashville, TN 37201_

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of_____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
                              Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within thirty days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____

Date:_____                      By:_____
                                                Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____           _____
Signature of Plaintiff                      Notary Public / Deputy Clerk (Comm. Expires _____ )

_____           _____
                                            Plaintiff's Attorney (or Person Authorized to Serve Process)
                                            **(Attach return receipt on back)**

_ADA: If you need assistance or accommodations, please call _____, ADA Coordinator, at ( )_____

## IN THE CIRCUIT COURT OF SMITH COUNTY, TENNESSEE
### AT CARTHAGE

**FILED**

_11:53 Am_ O' CLOCK

JAN 2 9 2014

CLERK _____

DEPUTY CLERK _Elise Hurley_

| | |
|---|---|
| TANGLEWOOD MEDICAL CENTER, INC., | } |
| | } |
| **Plaintiff,** | } |
| | } |
| **vs.** | } |
| | } |
| SENTINEL INSURANCE COMPANY LTD., | } |
| | } |
| **Defendant.** | } |

Case No:
2014-CV-6
**JURY DEMAND**

---

## COMPLAINT

---

Comes now the Plaintiff, Tanglewood Medical Center, Inc., by and through counsel, and files this Complaint against Defendant for its actions as stated below:

### PARTIES, JURISDICTION AND VENUE

1.    Tanglewood Medical Center, Inc. (hereinafter Tanglewood) is a corporation whose principal office and place of business is in the State of Tennessee.

2.    Tanglewood's main place of business is 259 Dixon Springs Highway, Carthage, TN 37030.

3.    Defendant Sentinel Insurance Company Ltd. (hereinafter Defendant), is a foreign company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant's main place of business is One Hartford Plaza, Hartford, CT 06155-0000 and may be served with process through the Commissioner of Tennessee Department of Commerce and Insurance at 500 James Robertson Parkway, Nashville, TN 37243-1131

4. Defendant is authorized to do business in the State of Tennessee.

5. Defendant offers property, casualty, surety and business insurance across the United States, including Tennessee.

6. Defendant entered into an insurance contract with Plaintiff for property located at 259 Dixon Springs Highway, Carthage, TN 37030. (hereinafter, the insured property)

7. This complaint arises out of fire damage to the insured property and Plaintiff's subsequent losses.

8. All of the facts giving rise to this cause of action occurred in Smith County, Tennessee.

## FACTUAL ALLEGATIONS

9. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 259 Dixon Springs Highway, Carthage, TN 37030.

10. Plaintiff owns the insured property.

11. Plaintiff and Defendant entered into an insurance policy (hereinafter, the policy), which provided coverage for fire loss, among other perils, from March 10, 2011 until March 10, 2012.[1]

12. The policy covered the "insured property" as identified above.

13. The covered property was located in Smith County, Tennessee.

14. Plaintiff had made all appropriate payments on the policy prior to January 29, 2012.

15. The insurance policy covered, among other things, loss of business income and business personal property.

---

[1] See attached Exhibit A

16.     On or around January 29, 2012, the Property suffered an incredible loss due to fire damage.

17.     In the aftermath, Plaintiff relied on Defendants to help begin the rebuilding process. By and through its commercial policy, Plaintiff was insured for the subject losses in this matter.

18.     Despite Plaintiff's upholding their obligations as a policyholder, Defendants continually failed and refused to pay Plaintiff in accordance with the policy.

19.     In the months following, Plaintiff provided information to Defendants, as well as provided opportunities for Defendants to inspect the Property. However, Defendants failed to conduct a fair investigation into the damage to the Property. Moreover, Defendants failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

20.     Despite Defendants's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendants.

21.     Plaintiff made inquiries regarding the status of the losses, and payments.

22.     Defendants failed and refused to respond to these inquiries, and failed to properly adjust the claim and the losses.

23.     Plaintiff in numerous conversations demanded payment pursuant to the Tennessee Bad Faith Act, Tenn Code Ann § 56-7-105, yet no payment was made.

24.     On October 29, 2013 Plaintiff, through their attorney, sent correspondence demanding payment pursuant to the Tennessee Bad Faith Act, Tenn Code Ann § 56-7-105.

25.     Defendant remained resolute in its decision and refused to pay the claim.

26.     No evidence warrants a denial of the claim.

27.     Defendant has failed to pay the claim even though they are legally obligated to do so and they have been put on notice pursuant to the Tennessee Bad Faith Act, Tenn. Code Ann § 56-7-105.

28.     Defendants have failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendants have furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendants did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

29.     Defendants have further failed to affirm or deny coverage within a reasonable time.

30.     Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendants in a timely manner.

31.     Defendants have, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendants that failed to conduct a reasonable investigation.  Ultimately, Defendants performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

32.     Defendants have failed to meet its obligations under the Tennessee Insurance code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

33. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendants. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

34. In addition, Defendants have failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law and the Tennessee Insurance Code.

## CAUSES OF ACTION

### COUNT I- BREACH OF CONTRACT

35. Paragraphs 1 to 34 are hereby re-alleged as if they were fully restated herein.

36. Plaintiff and Defendant had entered into a valid contract for insurance.

37. Under the contract, Defendant was required to pay for losses due to the covered fire loss at the covered property.

38. A copy of this contract is in the possession of the Defendant as they drafted and created said contract.

39. Plaintiff suffered losses due to fire at the covered property.

40. These losses should be covered under the policy.

41. Defendant refused to fully pay for these losses as the contract required.

### COUNT II- NEGLIGENCE

42. Paragraphs 1 to 41 are hereby re-alleged as if they were fully restated herein.

43. Defendant owed Plaintiff a duty to investigate the claims properly before determining that they were not responsible for its full payment.

44. Defendant, by accepting the premium payments on the insurance policy, further owed Plaintiff a duty to pay valid claims.

45. Defendant breached this duty by failing to investigate properly and failing to pay valid claims.

46. Defendant's failure to investigate properly and/or practice of conducting a results-oriented investigation was/were willful and/or reckless.

47. As a result of Defendant's breach, Plaintiff has suffered damages.

## COUNT III- UNJUST ENRICHMENT

48. Paragraphs 1 to 47 are hereby re-alleged as if they were fully restated herein.

49. Defendant accepted premium payments on the part of the Plaintiff in exchange for insurance coverage to be paid for loss due to fire damages to property.

50. Defendant accepted the premium payments and refused to provide the insurance coverage.

51. As a result, Plaintiff has suffered damages.

## COUNT IV- BAD FAITH DENIAL

52. Paragraphs 1 to 51 are hereby re-alleged as if they were fully restated herein.

53. Plaintiff in this matter made a demand for payment under a valid insurance policy pursuant to Tennessee Code Annotated 56-7-105.[2]

54. Defendant has no basis for not adequately paying the valid claim.

55. Defendant has refused to pay the claim.

56. Defendant's actions in refusing to pay the claim were not in good faith.

57. As a result of Defendant's actions, Plaintiff has suffered losses.

---

[2] See attached as Exhibit B

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1.    For a jury of 12 to consider this action

2.    Plaintiff be granted a judgment against the Defendant for the sum of money to be determined by the Jury to be sufficient to compensate it for the damages complained of herein

3.    Plaintiff be awarded reasonable attorney fees pursuant to the Tennessee Consumer Protection Act (T.C.A. § 47-18-101 *et seq.*) and the Tennessee Bad Faith Refusal to Pay (T.C.A. § 56-7-105)

4.    Defendant be taxed with the costs of this civil action

5.    Defendant pay treble damages under the Tennessee Consumer Protection Act. (T.C.A. § 47-18-101 *et seq.*)

6.    Defendant pay all applicable penalties under the Tennessee Bad Faith Refusal to Pay statute. (T.C.A. § 56-7-105)

7.    Defendant be made to pay punitive damages

8.    Plaintiff recover both Pre and Post Judgment Interest

9.    All other damages allowed under Tennessee law

10.   Discretionary costs as authorized by the Rules or law

11.   Further and general relief as justice may require

Respectfully Submitted,

**THE HIGGINS FIRM**

**JONATHAN A. STREET, BPR No. 21712**
Attorney for the Plaintiff
116 Third Avenue South
Nashville, Tennessee 37201
(615) 353-0930

*Pending Pro Hac Vice Admission*

**BRYAN BEVERLY**
Texas State Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021



# Hartford Spectrum
## Business Insurance Policy





EXHIBIT

A

# POLICYHOLDER NOTICE - TENNESSEE

**Date:** 12/28/10

**Policy Number:** 20 SBW PO7432

**Renewal Date:** 03/10/11

**Your Hartford Agent:** TMA ASSOCIATION INSURANCE AGCY INC

TANGLEWOOD MEDICAL CENTER, INC

259 DIXON SPRINGS HWY
CARTHAGE                    TN 37030

Dear Valued Hartford Insured,

Your current policy provided by The Hartford will expire shortly. The purpose of this notice is to advise you that The Hartford would like the opportunity to continue to meet your insurance needs by providing you with a policy for the upcoming policy term and to provide important information about your policy.

The information set forth below is intended to assist you in making an informed decision regarding your insurance coverage.

## A. <u>Policy Premium</u>

    (X)   Premium Change:   Based on the most current information known to us, we have determined that the premium for your renewal policy will increase   31   % from that charged on your current policy. It may be subject to change based upon any additional information you may provide to your Hartford producer.

## B. <u>Coverage Changes (if applicable)</u>

As noted above we want to provide you with coverage for the upcoming policy term and this notice is our offer to do so. After our renewal review, we have determined that your renewal policy may provide coverage on a more limited basis than your present policy. The coverage restrictions are identified by an (x) below.

    ( )   Increase in Deductible to:

    ( )   Reduction in Limits to:

    (X)   Reduction in Coverage: SEE REVERSE SIDE

    ( )   Other:

You may receive other notices of coverage changes for the upcoming policy term under separate cover. Those changes apply in addition to the changes described above.

For almost 200 years, The Hartford has protected businesses, large and small from all types of losses. Our products and services continue to bring you the benefits of that long experience. Most importantly, with The Hartford you have a company that is there for you when you need us.

If you have any questions about your policy or about your overall insurance needs, please contact your Hartford producer. We look forward to continuing our relationship and fulfilling your insurance needs.

Thank you for your business.

**Form IH 70 46 11 05 (WC 66 03 31 B)**

32
74
PO
SBW

This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the stock insurance company of The Hartford Insurance Group shown below.

**INSURER:**  SENTINEL INSURANCE COMPANY, LIMITED
HARTFORD PLAZA, HARTFORD, CT 06115
COMPANY CODE: A

**Policy Number:**  20 SBW PO7432  DD

# SPECTRUM POLICY DECLARATIONS        COPY

THE HARTFORD

11548

*0100020PO74320112

**Named Insured and Mailing Address:**        TANGLEWOOD  MEDICAL CENTER,  INC
(No., Street, Town, State, Zip Code)

259 DIXON SPRINGS HWY
CARTHAGE            TN   37030

**Policy Period:**        From    03/10/11    **To**    03/10/12    1    YEAR
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in New Hampshire.

**Name of Agent/Broker:** TMA ASSOCIATION  INSURANCE  AGCY  INC
**Code:**  246575

**Previous Policy Number:**  20 SBW  PO7432

**Named Insured is:** CORPORATION

**Audit Period:**  NON-AUDITABLE

**Type of Property Coverage:** SPECIAL

**Insurance Provided:** In return for the payment of the  premium and  subject to  all of the  terms of this  policy, we agree with you to provide insurance as stated in this policy.

**TOTAL ANNUAL PREMIUM IS:**        $2,539
IN RECOGNITION  OF THE MULTIPLE  COVERAGES  INSURED  WITH  THE  HARTFORD,  YOUR
POLICY  PREMIUM  INCLUDES  AN ACCOUNT  CREDIT.

Countersigned by _____        _____
                        Authorized Representative                Date

**Form SS 00 02 12 06**
**Process Date:** 12/28/10

**Page** 001 (CONTINUED  ON NEXT  PAGE)
**Policy Expiration Date:** 03/10/12

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 20 SBW PO7432

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001    **Building:** 001

259 DIXON SPRINGS HWY
CARTHAGE              TN   37030

**Description of Business:**
Medical Office - Physicians & Surgeons

**Deductible:** $   500 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE**

  **BUILDING**

    REPLACEMENT COST                          $    418,400

  **BUSINESS PERSONAL PROPERTY**

    **REPLACEMENT COST**                        $    113,100

  **PERSONAL PROPERTY OF OTHERS**

    **REPLACEMENT COST**                        NO COVERAGE

MONEY AND SECURITIES

  INSIDE THE PREMISES                        $    10,000
  OUTSIDE THE PREMISES                       $     5,000

MORTGAGE HOLDER: 'A' APPLIES
LOSS PAYEE: 'B' APPLIES

## SPECTRUM POLICY DECLARATIONS (Continued)
**POLICY NUMBER:** 20 SBW PO7432

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001     **Building:** 001

### PROPERTY OPTIONAL COVERAGES APPLICABLE  LIMITS OF INSURANCE
     TO THIS LOCATION

STRETCH COVERAGES
FORM: SS 04 08
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

PREMIUM STRETCH HEALTHCARE
FORM: SS 41 55
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS     $   50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:     30 DAYS

11549

*0100020PO74320112

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 14 of 26 PageID #: 18

**PROPERTY OPTIONAL COVERAGES APPLICABLE   LIMITS OF INSURANCE**
**      TO ALL LOCATIONS**

| | |
|---|---|
| BUSINESS INCOME AND EXTRA EXPENSE COVERAGE | 12 MONTHS ACTUAL LOSS SUSTAINED |
| COVERAGE INCLUDES THE FOLLOWING COVERAGE EXTENSIONS: | |

ACTION OF CIVIL AUTHORITY:          30 DAYS
EXTENDED BUSINESS INCOME:          30 CONSECUTIVE DAYS

EQUIPMENT BREAKDOWN COVERAGE
  COVERAGE FOR DIRECT PHYSICAL LOSS
  DUE TO:
    MECHANICAL BREAKDOWN,
    ARTIFICIALLY GENERATED CURRENT
    AND STEAM EXPLOSION

THIS ADDITIONAL COVERAGE INCLUDES
THE FOLLOWING EXTENSIONS
    HAZARDOUS SUBSTANCES                 $    50,000
    EXPEDITING EXPENSES                  $    50,000

MECHANICAL BREAKDOWN COVERAGE ONLY
APPLIES WHEN BUILDING OR BUSINESS
PERSONAL PROPERTY IS SELECTED ON
THE POLICY

IDENTITY RECOVERY COVERAGE              $    15,000
FORM SS 41 12

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 15 of 26 PageID #: 19

| BUSINESS LIABILITY | LIMITS OF INSURANCE |
|---|---|
| LIABILITY AND MEDICAL EXPENSES | $1,000,000 |
| MEDICAL EXPENSES - ANY ONE PERSON | $    10,000 |
| PERSONAL AND ADVERTISING INJURY | $1,000,000 |
| DAMAGES TO PREMISES RENTED TO YOU ANY ONE PREMISES | $1,000,000 |
| AGGREGATE LIMITS PRODUCTS-COMPLETED OPERATIONS | $2,000,000 |
| GENERAL AGGREGATE | $2,000,000 |

EMPLOYMENT PRACTICES LIABILITY
COVERAGE: FORM SS 09 01

| | |
|---|---|
| EACH CLAIM LIMIT | $    10,000 |
| DEDUCTIBLE - EACH CLAIM LIMIT NOT APPLICABLE | |
| AGGREGATE LIMIT | $    10,000 |

RETROACTIVE DATE: 03102010

This **Employment Practices Liability Coverage** contains claims made coverage. Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injuries for which claims are first made against the insured while the insurance is in force. Please read and review the insurance carefully and discuss the coverage with your Hartford Agent or Broker.

The Limits of Insurance stated in this Declarations will be reduced, and may be completely exhausted, by the payment of "defense expense" and, in such event, The Company will not be obligated to pay any further "defense expense" or sums which the insured is or may become legally obligated to pay as "damages".

BUSINESS LIABILITY OPTIONAL
COVERAGES

| | |
|---|---|
| HIRED/NON-OWNED AUTO LIABILITY | $1,000,000 |

UMBRELLA LIABILITY - SEE
SCHEDULE ATTACHED

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 16 of 26 PageID #: 20

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 20 SBW PO7432

| BUSINESS LIABILITY OPTIONAL COVERAGES (Continued) | LIMITS OF INSURANCE |
|---|---|
| REIMBURSEMENT OF LEGAL EXPENSES COVERAGE FOR COURT OR REVIEW BOARDS FORM: SS 40 75 | $5,000 |
| CYBERFLEX COVERAGE FORM SS 40 26 | |

Case 2:14-cv-00041    Document 1-1    Filed 04/15/14    Page 17 of 26 PageID #: 21

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 20 SBW PO7432

MORTGAGE HOLDER 'A':

REGIONS BANK
ATTNRICHARD DOPPEN BUSINESS BANKING
P. O. BOX 1984
BIRMINGHAM, AL. 35201

LOSS PAYEE 'B':

COMMUNITY BANK OF SMITH COUNTY
WILSON BANK & TRUST
P.O. BOX 100
CARTHAGE, TN. 37030

PROPERTY:

BUSINESS PERSONAL PROPERTY

**Form Numbers of Forms and Endorsements that apply:**

| | | | |
|---|---|---|---|
| SS 00 05 10 08 | SS 00 07 07 05 | SS 00 08 04 05 | SS 48 02 01 10 |
| SS 84 01 09 07 | SS 04 08 09 07 | SS 04 15 07 05 | SS 04 19 04 09 |
| SS 04 22 07 05 | SS 04 30 07 05 | SS 04 38 09 09 | SS 04 39 07 05 |
| SS 04 41 04 09 | SS 04 42 09 07 | SS 04 44 07 05 | SS 04 45 07 05 |
| SS 04 47 04 09 | SS 04 78 07 05 | SS 04 80 03 00 | SS 04 86 03 00 |
| SS 40 18 07 05 | SS 40 26 04 05 | SS 40 75 07 09 | SS 40 93 07 05 |
| SS 41 12 12 07 | SS 41 51 10 09 | SS 41 55 01 10 | SS 41 56 01 10 |
| IH 10 01 09 86 | SS 05 47 09 01 | SS 09 01 10 08 | SS 12 12 03 92 |
| SS 50 19 01 08 | IH 99 40 04 09 | IH 99 41 04 09 | SX 80 01 06 97 |
| SS 04 46 10 08 | SS 38 25 12 07 | SS 83 76 01 08 | |

11551

*0100020PO7432O112

Form SS 00 02 12 06
Process Date: 12/28/10

Page 007

Policy Expiration Date: 03/10/12

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 18 of 26 PageID #: 22

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TOLL FREE (866) 276-6179
FACSIMILE (713) 861-0021
www.VossLawFirm.com

October 29, 2013

# CONFIDENTIAL
# SETTLEMENT DEMAND

***VIA CERTIFIED MAIL, RRR***
***NO. 7012 3460 0003 5068 9859***
Mr. Kyle Moore
The Hartford
Large Loss Organization
P.O. Box 14271
Lexington, KY 40512-9907

| RE: | | | |
|---|---|---|---|
| | *Our Client/Insured* | : | *Tanglewood Medical Center, Inc.* |
| | *Date of Loss* | : | *01/29/2012* |
| | *Property Address* | : | *259 Dixon Springs Highway, Carthage, TN 37030* |
| | *Policy Number* | : | *20 SBW PO7432* |
| | *Claim Number* | : | *CP0010504340* |
| | *Total Demand* | : | *$950,000.00* |
| | *Actual Damages* | : | *$750,000.00* |
| | *Attorney's Fees* | : | *$200,000.00* |
| | *Expiration* | : | *60 Calendar Days* |

Dear Mr. Moore:

Please accept this letter as formal written notice of representation by this law firm of the above insured, Tanglewood Medical Center, regarding the above-numbered claim and listed property, as well as all damages related thereto. As you are already aware, this law firm is the sole representative of the insured as it relates to all matters pertaining to the above-mentioned loss and property.

**EXHIBIT**

B

tabbies

As you clearly know, our client suffered immediate and severe damage of their property as a result of a fire loss, which occurred on or around January 29, 2012. In the aftermath, our client relied upon their insurance company and their insurer's agents to help with their incredible loss. Specifically, your companies and others conspired to improperly adjust our client's claim so that they would not receive the coverage and benefits they had originally contracted to receive. Thus, this demand is now necessary to recover damages arising from the unfair refusal to pay insurance benefits as represented by the specific insurance policy sold to our client. Accordingly, in addition to all other causes of action, we now seek relief under the Tennessee Code Annotated § 56-8-104, § 56-7-105, § 47-18-104 (a) and (b), and all operative provisions of the Tennessee Code Annotated, including the Tennessee Consumer Protection Act, and Tennessee common law.

## I.
## BACKGROUND FACTS

On January 29, 2012, my client suffered extensive fire damages to their property. This covered loss event caused severe and continuing destruction to our clients' property, located at 259 Dixon Springs Highway, Carthage, TN 37030. As you concede, and as any proper investigation by The Hartford will yield, incredible damage and loss was suffered to our client's property.

To date, this claim remains either completely unpaid or dramatically underpaid. Accordingly, this formal demand is being sent as an opportunity for you to settle this case without further cost to you, and without The Hartford having to face an unsympathetic jury regarding a loss that should have been paid in full *many* months ago. However, as this has not occurred, numerous claims and causes of action will be available to our client pursuant to Tennessee Code Annotated § 56-8-104, § 56-7-105, § 47-18-104 (a) and (b), and all operative provisions of the Tennessee Code Annotated, including the Tennessee Consumer Protection Act, and Tennessee common law.

## II.
## CAUSES OF ACTION

### A. CONSUMER PROTECTION ACT AND BAD FAITH

Your conduct in this matter constitutes unfair and/or deceptive acts and practices in violation of the Tennessee Code Annotated § 47-18-104(a) and (b), and all other related Tennessee Code Annotated provisions, specifically because of your following acts or omissions:

- The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:

○    Falsely passing off goods or services as those of another;

○    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

○    Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

○    Advertising goods or services with intent not to sell them as advertised; and/or

○    Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law.

Further, in the context of a claim for bad faith denial of insurance coverage under the Tennessee bad faith statute, a plaintiff must demonstrate: (1) that the insurance policy became due and payable; (2) that a formal demand for payment was made; (3) that the insured waited 60 days after making demand before filing suit; and (4) that the insurer's refusal to pay was not in good faith. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir 2007) *rehearing en banc denied, certiorari denied* 552 U.S. 1042, 128 S. Ct. 671, 169 L. Ed. 2d 514.

## B. UNFAIR CLAIMS SETTLEMENT ACT AND BAD FAITH

Tennessee Code Annotated § 56-8-104(8) expressly prohibits certain unfair settlement practices, as they relate to claims by insured parties or beneficiaries of insurance policies. You continue to repeatedly engage in the following prohibited practices:

•    Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison that:

○    Misrepresents the benefits, advantages, conditions or terms of any policy;

○    Misrepresents the dividends or share of the surplus to be received on any policy;

○    Makes a false or misleading statement as to the dividends or share of surplus previously paid on any policy;

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 21 of 26 PageID #: 25

o    Is misleading or is a misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates;

o    Uses any name or title of any policy or class of policies misrepresenting the true nature of the policy or class of policies; or

o    Is a misrepresentation, including any intentional misquote of premium rate, for the purpose of inducing or tending to induce the purchase, lapse, forfeiture, exchange, conversion or surrender of any policy.

Moreover, in the present matter, you have knowingly and intentionally engaged in unfair settlement practices by failing to timely affirm or deny coverage of our client's claim. As you have long been aware, it is an absolute violation of the law for an insurer to fail to affirm or deny, ***within a reasonable time,*** coverage of a claim to a policyholder, including our client. Furthermore, should you repeatedly request irrelevant information and documentation despite having all pertinent and necessary items, statements, and forms to fully evaluate our client's claim, the same will constitute a direct violation of the above-referenced Tennessee law.

As you know, courts have demonstrated a clear policy against bad faith insurance practices. Under Tennessee law, an insurer may be liable for failing to solicit an offer within limits, where warranted, even if the plaintiff never actually made such an offer. *State Auto Ins. Co. v. Rowland*, 427 S.W.2d 30, 32 (Tenn. 1968).

<u>C. PROMPT PAYMENT OF CLAIMS</u>

Section 56-8-104(8)(A) of Tennessee Code Annotated imposes certain deadlines for an insurance company to acknowledge, investigate, and accept or reject a claim. Additionally, insurance companies must only request from the claimant all items, statements, and forms that the insurance company <u>reasonably</u> believes will be required from the claimant. Although ancillary requests may be permitted when reasonably necessary, multiple incremental and meaningless requests are an absolute violation of the statute.

At this point in time, you are clearly barred from claiming that you have not received all information relevant to evaluating our client's claim. Moreover, you have made no offer to settle for an amount that reasonably reflects the value of my clients' loss. Finally, no valid reason was given for the actions taken by you, as outlined above.

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 22 of 26 PageID #: 26

## D. NEGLIGENCE, COMMON LAW FRAUD
## MISREPRESENTATION & NONDISCLOSURE

As you know, when a claim is made under an insurance policy, the insured party may feel that the coverage provided by the insurance company is less than what was represented or promised to them by the insurance company or its agent at the time of sale. If an insurance company or its agent promises one thing and then fails or refuses to fulfill that promise, they can be held liable for negligence, fraud, misrepresentation, and/or nondisclosure. Insurance companies and their agents have an obligation to clearly and fully disclose any limitation or exclusions an insurance policy may contain. If they fail to adequately disclose such limitations or exclusions and then later use them as a reason for denying a claim by the insured, they may be liable under Tennessee law. These rules exist to protect insured parties from the unfair or negligent practices of insurance companies.

## E. BREACH OF CONTRACT

Our client entered into a valid and enforceable written insurance contract pursuant to the laws of Tennessee. The contract provided our client would pay policy premiums for their insurance policy, and that their insurance company would provide coverage for their related claims in the event of a wind and hail storm. Our client fully performed their contractual obligations by making policy premium payments as required by their insurance contract.

In this particular case, the insurance company materially breached the contract by failing to provide adequate coverage following the claim filed by our client. Moreover, despite filing a claim which notified our client of the loss, our client has yet to receive full compensation as required by the insurance contract.

## F. BREACH OF FIDUCIARY DUTY

You know you have a fiduciary relationship, or in the alternative, a relationship of trust and confidence, with our client. As a result, you have a legal duty of good faith and fair dealing to your policyholder. You breached that fiduciary duty in that:

- The subject transaction was not fair and equitable to our client;

- You did not make reasonable use of the confidence that our client placed in you;

Case 2:14-cv-00041   Document 1-1   Filed 04/15/14   Page 23 of 26 PageID #: 27

- You did not act in the utmost good faith and did not exercise the most scrupulous honesty towards our client;

- You did not place the interests of our client before your own, and you used the advantage of your position to gain a benefit for yourself at the expense of our client;

- You placed yourself in a position where your self-interest might conflict your obligations as a fiduciary; and

- You did not fully and fairly disclose all important information to our client concerning the sale of the policy.

Disputes periodically occur between the insured and the insurer regarding representations made at the time of sale of an insurance policy such as the one at issue. However, most of the time, as in this case, the insured places into the insurer a level of trust and confidence. The insurer thereby develops a fiduciary relationship with the insured. You and your agents breached that trust with our client, and you are therefore liable for our client's damages for breach of fiduciary duty.

## III.
## ATTORNEY FEES

In *Norris*, an insured is entitled to damages including award of attorney fees, where the record shows they were required to employ an attorney to file suit to recover benefits they were entitled to under **fire** policy. *Norris v. Nationwide Mut. Fire Ins. Co.,* 728 S.W. 2d 335 (Tenn. App. 1986). Please consider this correspondence a formal notice that we will seek all such attorneys fees.

## IV.
## CONCLUSION

Our client has incurred considerable damages as a result of the mishandling of the insurance claim in question. For your convenience, please see the attached estimate and photographs illustrating the severity of damages. When looking at all the evidence available in this matter, it would most certainly be enough to convince a jury to reward a substantial judgment of actual and penalty damages in this case. Taking into consideration the undisputed and irrefutable evidence that exists, the fact that a substantial judgment would likely be awarded by a jury, and in order to avoid further litigation, **I am offering to settle this matter for a total of $950,000.00, which includes**

**actual damages in the amount of $750,000.00 and attorney's fees in the amount of $250,000.00.**

  I reserve the right to adjust the above amount to conform to the information and evidence that will become available during the time leading up to trial, should litigation become necessary. This includes additional attorney's fees, costs of court and all applicable accrued pre-judgment and penalty interest allowed under Tennessee law.

**V.**

**SETTLEMENT AND RELEASE**

  The purpose of this letter is to encourage you to resolve this matter in a fair and equitable manner, promptly, without the need for further legal action. In the event you fail to respond to this letter with an offer of settlement that is acceptable, our client will have no alternative but to instruct me to file a lawsuit. The lawsuit will be filed under Tennessee Code Annotated § 56-8-104, § 56-7-105, § 47-18-104 (a) and (b), and all operative provisions of the Tennessee Code Annotated, including the Tennessee Consumer Protection Act, and Tennessee common law.

  In such lawsuit, *rather than seeking only the monetary amount I am now asking for, I will seek to recover the full measure of damages, expenses and attorney's fees incurred, as allowed by law.* As indicated above, this correspondence also acts as formal notice under the case law in *Norris*, referenced above, of our intent to seek attorneys fees in this matter. Ultimately, the amount of damages awarded by a jury will increase exponentially.

  This demand is conditioned upon delivery of written acceptance prior to the expiration of 60 calendar days from the date of your receipt of this demand. For your convenience, a settlement check will be held in trust until a release has been fully executed. Said release will be sent via mail to your attention at your office location.

  You have long been provided with copies of all records and information relevant to evaluating this claim. You are therefore, in a position to act promptly on this demand. After the expiration of 60 calendar days from the date of your receiving this demand, the demand is withdrawn. I reserve the right to then proceed against you personally for the full extent of all possible damages.

  In regard to the above demand, be aware that this law firm has been assigned an attorney's fee interest in any and all claims related to the above policy. Moreover, you are directed to *limit your communications to only our office* for any information or assistance with respect to said claim. In addition, please send any future payments related to the above policy to

this law firm's address for handling, with The Voss Law Firm, P.C. named as an additional payee, reflecting our attorney's fees interest.

**Additionally, please immediately provide me a payment log indicating all payments made (and to whom they were made) also including a brief description of the purpose of each payment regarding this claim.** Moreover, consistent with our client's rights under the policy, please immediately forward any and all copies of the following to our attention:

- Underwriting file, including the policy, application, amendments, etc.;

- Letters sent to/from our client;

- A full copy of the claims file;

- All documents regarding the processing of the above claim;

- A description outlining why the above claim has not been paid in full;

- Your file notes;

- Videos taken/received regarding the above claim;

- Photographs taken/received regarding the above claim;

- All investigative reports regarding the above claim; and

- All engineering reports regarding the above claim.

We consider this entire letter a pertinent communication with respect to the resolution of this case. Your prompt response is therefore expected.

Respectfully submitted,

BRYAN BEVERLY
ATTORNEY AT LAW